UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID E. JONES** | **CIVIL ACTION** |
| vs. | NO. |
| **ILLINOIS CENTRAL RAILROAD COMPANY, ANDREA DAVIS, WILL OWENS, BEN SHANNON, JOHN LAYNE and RASHUND HARRISON.** | SECTION "__" |

## COMPLAINT

### COUNT I
### (ILLINOIS CENTRAL RAILROAD COMPANY)

**(Federal Employers' Liability Act – Negligence)**

COMES NOW Plaintiff, DAVID E. JONES, by and through his attorneys, Davis, Saunders, Miller & Oden, PLC and Kujawski Marcus, LLC, and for Count I of his Complaint against Defendant, Illinois Central Railroad Company, states as follows:

1. That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C. Sections 51 et. seq., as hereinafter more fully shown.

2. That at all times mentioned herein, Defendant, Illinois Central Railroad Company (*hereinafter referred to as "the Defendant Railroad"*), was controlled, operated, and maintained in interstate commerce and engaged in transporting interstate commerce by rail between various states including the States of Louisiana and Mississippi.

3. That Plaintiff is a resident of the State of Louisiana and resides in New Orleans, Louisiana.

1

4.    That on or about February 2, 2014, or on a date known more certainly to the Defendant Railroad, and at all times mentioned herein, the Plaintiff, David E. Jones, was an employee of the Defendant Railroad.

5.    That at all times mentioned herein, all or part of the duties of the Plaintiff as such an employee furthered interstate commerce conducted by the Defendant Railroad or in some way directly or substantially affected said commerce.

6.    That on or about the above-said date, and at all times relevant herein, the Plaintiff was employed by the Defendant Railroad as a conductor and as such was in the performance of his duties in the Defendant Railroad's Baton Rouge, Louisiana, yards in the City of Baton Rouge, State of Louisiana.

7.    That at all times relevant herein, the Plaintiff suffered from a condition of high blood pressure, which caused him physical ailments.

8.    That at all times relevant herein, the Defendant Railroad was aware of Plaintiff's condition of high blood pressure and of the consequences of that condition.

9.    That on or about February 2, 2014, or on a date known more certainly to the Defendant Railroad, the Plaintiff was stricken with a sudden illness on the job and in need of immediate transportation to a medical facility.

10.   That at said time and place, the Defendant Railroad, by and through its agents, servants, and employees, negligently and carelessly committed one or more of the following negligent acts or omissions, to wit:

    (a)   Failed to provide Plaintiff with a safe place to work;

    (b)   Failed to provide Plaintiff with a reasonably safe manner within which to do his work;

(c) Failed to train and instruct their employees to seek medical attention for employees stricken with an illness;

(d) Failed to assign the Plaintiff to job duties consistent with his physical condition and abilities;

(e) Failed to provide medical attention and first aid to the Plaintiff;

(f) Failed to provide Plaintiff with an ambulance to the nearest hospital;

(g) Failed to take any measures whatsoever to provide Plaintiff with medical services, care and treatment;

(h) Failed to call 911 or any ambulance service when the Defendant Railroad knew or should have known that Plaintiff had been stricken with a sudden illness; and

(i) Allowed unsafe practices to become the common practice.

11. That as a result, in whole or in part, of one or more of the above and foregoing acts or omissions on the part of the Defendant Railroad, the Plaintiff, while in the performance of his duties as a conductor, and in connection with and in the scope and course of his employment, was stricken with a sudden illness on the job at which time the Defendant Railroad failed to provide any type of first aid, medical care, medical treatment or services, or emergency transportation to a hospital, causing a delay in Plaintiff's receipt of medical assistance thereby causing Plaintiff to sustain severe and permanent injuries to wit: injuries to the brain; injuries to the circulatory system; and an aggravation of a pre-existing condition; that Plaintiff has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has incurred permanent disfigurement and disability resulting from said injuries; that Plaintiff has incurred an impairment of both past and

future earning capacity; that Plaintiff has sustained a past and future loss of fringe benefits; that Plaintiff has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; all to Plaintiff's damages.

WHEREFORE, Plaintiff, DAVID E. JONES, prays judgment against Defendant, Illinois Central Railroad Company, to fairly and reasonably compensate him for damages sustained herein plus costs of this suit, plus pre-judgment interest, plus any further relief this Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

## COUNT II
### (ILLINOIS CENTRAL RAILROAD COMPANY, ANDREA DAVIS, WILL OWENS, BEN SHANNON, JOHN LAYNE AND RASHUND HARRISON)

**(Federal Rail Safety Act – 49 U.S.C. Section 20109)**

COMES NOW Plaintiff, DAVID E. JONES, by and through his attorneys, Davis, Saunders, Miller & Oden, PLC and Kujawski Marcus, LLC, and for Count II of his Complaint against Defendants, Illinois Central Railroad Company, Andrea Davis, Will Owens, Ben Shannon, John Layne and Rashund Harrison, both individually and severally, states as follows:

1.      That Plaintiff, David E. Jones, brings this action against Defendants, Illinois Central Railroad Company, Andrea Davis, Will Owens, Ben Shannon, John Layne and Rashund Harrison, both individually and severally, for violations of the Federal Rail Safety Act, 49 U.S.C. Section 20109.

2. This Court has subject matter jurisdiction in this case pursuant to the Federal Railroad Safety Act, (hereinafter "FRSA") 49 U.S.C. Section 20109(d)(3).

3. That all times mentioned herein, Defendant, Illinois Central Railroad Company (*hereinafter referred to as "the Defendant Railroad"*), was and is a corporation controlled, operated and maintained in interstate commerce and in transporting interstate commerce between various states including the States of Louisiana, Mississippi and Tennessee, within the meaning of 49 U.S.C. 20109.

4. That at all times mentioned herein, Defendants, Andrea Davis, Will Owens, Ben Shannon, John Layne and Rashund Harrison, all are employees and supervisory personnel of the Defendant Railroad and at all times mentioned herein were within the meaning and definitions of 49 U.S.C. 20109.

5. That at all times relevant herein, the Defendant Railroad owns, operates and maintains track and rail yards throughout the aforementioned states including the State of Louisiana and City of New Orleans.

6. Andrea Davis is an Assistant Trainmaster employed by the Defendant Railroad.

7. Will Owens is an Assistant Trainmaster employed by the Defendant Railroad.

8. Ben Shannon is a Yardmaster employed by the Defendant Railroad.

9. John Layne is an Assistant Superintendent employed by the Defendant Railroad.

10. Rashund Harrison is a Trainmaster employed by the Defendant Railroad.

11. That on or about June 17, 2014, Plaintiff filed an FRSA Complaint with the Secretary of Labor's OSHA Whistleblower Office (*See Complaint attached hereto as "Exhibit A"*). The filing of the Complaint was within 180 days from the date the Defendant Railroad took adverse and/or unfavorable personal action against him.

12. The OSHA Whistleblower Office commenced its investigation and the Plaintiff fully cooperated with OSHA's investigation. However, OSHA did not issue a final decision within 210 days after the filing of the FRSA Complaint. The delay was not due to any bad faith on the part of the Plaintiff.

13. Pursuant to Section (d)(3) of the FRSA, the Plaintiff has a statutory right to bring an original action in a United States District Court for a jury trial regarding the Defendant Railroad's violations of the FRSA.

14. That on January 13, 2015, Plaintiff filed a Notice of Intention to File an Original Action with the U.S. Department of Labor.

15. That on or about February 2, 2014, or on a date known more certainly to the Defendant Railroad the Plaintiff was stricken with a sudden illness on the job, and was in need of immediate transportation to a medical facility to receive medical care, treatment and services.

16. That on or about the above stated date, and at all times relevant herein, the Plaintiff was employed by the Defendant Railroad as a conductor and as such was in the performance of his duties in the Defendant Railroad's Baton Rouge, Louisiana, yards in the City of Baton Rouge, State of Louisiana.

17. That during the course of 2013, the Plaintiff suffered from significant blood pressure issues and required medical treatment, services and monitoring. The Defendant Railroad knew or should have known of this condition.

18. That throughout 2013, Plaintiff contacted the Attendance Management Center (AMC) to apply for time off pursuant to the Family and Medical Leave Act (FMLA) and received time off.

19. That during 2013, Plaintiff took time off from his work pursuant to instructions from his physician or because of the severity of his blood pressure problems.

20. That as a result of Plaintiff's inability to work and his seeking of medical assistance, he was required to miss days off from work.

21. That as a result of Plaintiff's medical condition and the necessity for him to follow his physician's advice and not mark up for work, the Defendant Railroad began a pattern and series of retaliatory moves against the Plaintiff including a "Notice of Investigation" dated December 2, 2013, which was set for Tuesday, December 10, 2013.

22. That on December 9, 2013, the Defendant Railroad sent the Plaintiff a "Postponement Notice" resetting his investigation for Tuesday, December 17, 2013.

23. That on December 17, 2013, a disciplinary hearing was held in retaliation for Plaintiff's illnesses and marking off of work pursuant to his physician's advice.

24. That as a result of Plaintiff's medical condition and necessity to mark off work, Defendants, Andrea Davis and Will Owens, participated in the orchestration of a 30-day suspension, which Plaintiff received as a result of the hearing of December 17,

2013.  Plaintiff's suspension from service was to begin on December 30, 2013 through January 28, 2014.  The Defendants, as indicated herein, retaliated against the Plaintiff for following medical advice and seeking treatment and time off for his adverse medical condition.

25. Plaintiff was scheduled to return to work on or about February 1, 2014.

26. That on February 1, 2014, Plaintiff was not able to work due to his deteriorating physical condition and marked off using a vacation day.  The Defendant Railroad challenged his use of the vacation day.

27. That Plaintiff was compelled to return to work on February 2, 2014.

28. That at the time Plaintiff was working, Defendant, Andrea Davis, was the Assistant Trainmaster for the Defendant Railroad and Defendant, Ben Shannon, was the Yardmaster for the Defendant Railroad.

29. That Plaintiff became significantly and seriously ill while on duty on February 2, 2014, and it was requested by the Plaintiff and his co-workers that Defendant, Ben Shannon, the Yardmaster, immediately call for medical assistance, first aid and an ambulance to transport Plaintiff to the nearest hospital.

30. That Defendant, Ben Shannon, the Defendant Railroad's yardmaster, refused to call for an ambulance.  Instead, he contacted Defendant, Andrea Davis, the Defendant Railroad's Assistant Trainmaster, who did nothing for the Plaintiff, refused to administer first aid and refused to transport Plaintiff to the nearest hospital for care.

31. That Plaintiff while on duty sustained brain damage due to intracranial pressure resulting from his preexisting condition of hypertension and due to the delay in obtaining medical help and treatment for the Plaintiff.

32. That the Defendants' refusal, both individually and severally, to administer first aid treatment and to call an ambulance to transport the Plaintiff to the nearest hospital resulted in the buildup of intracranial pressure resulting in the Plaintiff going into a coma.

33. That Plaintiff was taken to Baton Rouge General Medical Center on February 2, 2014, at approximately 21:51. His chief complaint was confusion and his primary diagnosis was intracerebral hemorrhage, intraventricular, altered mental status and malignant hypertension.

34. That Plaintiff was then transported to Our Lady of the Lake Regional Medical Center whose discharge summary diagnosed his condition as left intraventricular hemorrhage, malignant hemorrhage, seize disorder and headache.

35. That while Plaintiff was at Our Lady of the Lake Regional Medical Center, the Railroad's Trainmaster, Defendant, Rashund Davis, appeared at the hospital and was told by Plaintiff's parents that he had no authority to enter into Plaintiff's hospital room and had no authority to discuss any issue with the Plaintiff. Defendant, Rashund Davis, ignored the family's request and entered the room for purposes of further intimidation and harassment of the Plaintiff because Plaintiff sought medical help and assistance.

36. That Defendant, John Layne, was the Assistant Superintendent for the Defendant Railroad during the time that Plaintiff sought transportation by ambulance to a medical facility because of his deteriorating condition, and, in retaliation for Plaintiff's illness and request for medical help denied Plaintiff transportation by ambulance to the nearest hospital.

37. That as a result of Defendants' delay, both individually and severally, in transporting the Plaintiff to a medical facility for treatment and care, Plaintiff sustained significant brain damage and now is unable to work.

38. That in retaliation for Plaintiff's choice to take a vacation day on February 1, 2014, to tend to his illness, and in retaliation for Plaintiff's medical condition and seeking of medical treatment while on duty, an investigation again was set of the Plaintiff to determine the extent of punishment which was to be administered.

39. That on February 3, 2014, the Railroad issued a "Postponement Notice" postponing the investigation, which had been set.

40. That at all times relevant herein Plaintiff engaged in protected activity pursuant to 49 U.S.C. § 20109 (a) by requesting medical attention and requesting time off for an illness.

41. That Defendants, both individually and severally, knew Plaintiff was engaged in activities that were totally protected pursuant to Section 20109.

42. That Defendants acted, both individually and severally, in retaliation against Plaintiff and violated 49 U.S.C. Section 20109, in whole or in part, by committing one or more of the following egregious acts:

   (a) Investigated and disciplined Plaintiff in violation of Section 20109 for notifying the Defendants that he was in need of medical attention;

   (b) Investigated and disciplined Plaintiff in violation of Section 20109 for seeking medical attention;

   (c) Retaliated against Plaintiff for seeking immediate medical attention by denying Plaintiff an ambulance to transport him to a medical facility;

  (d)  Investigated Plaintiff for becoming ill in February of 2014 and seeking medical assistance;

  (e)  Engaged in a pattern of ongoing harassment against the Plaintiff because Plaintiff was ill and sought medical care and treatment and services for the illness; and

  (f)  Engaged in a pattern of harassment toward the Plaintiff as a result of Plaintiff seeking time off from work for his medical condition.

43. Defendants' decision, both individually and severally, to suspend Plaintiff, to harass him, and to fail to provide him with an ambulance was motivated by its general policy of retaliating against employees who seek medical treatment, or request time off due to an illness.

44. That as a result, in whole or in part of Defendants' violations of Section 20109, both individually and severally, Plaintiff has suffered damages to wit: brain damage; an aggravation of preexisting condition; past and future wage loss and fringe benefits; past and future lost earning capacity; interest on back pay; past and future physical, mental and emotional pain and suffering; past and future medical expenses, disability and economic losses all to the Plaintiff's damages.

45. That Defendant's adverse actions, both individually and severally, were made with reckless disregard of the law and complete indifference to the Plaintiff's rights under the FRSA.

46. That Defendants' decision, both individually and severally, to harass, abuse, charge and suspend Plaintiff was motivated by Defendants' policy of retaliating against employees who report safety violations and on-the-job injuries.

47. That Defendants, both individually and severally, should be subjected to punitive damages under Section 20109 to deter them from continuing to engage in the outrageous practice of disciplining employees who report that they were injured on the job, and report safety conditions and rule violations.

WHEREFORE, in order to encourage employees to freely report all injuries and safety complaints without fear of any retaliation, thereby ensuring the Federal Railroad Administration has the necessary information to develop and administer an effective rail safety regulatory program that promotes safety in every area of the nation's railroad operations, Plaintiff, DAVID E. JONES, prays for judgment in his favor, and against the Defendants, Illinois Central Railroad Company, Andrea Davis, Will Owens, Ben Shannon, John Layne and Rashund Harrison, both individually and severally, for all necessary relief to make Plaintiff whole, including expungement of all references of adverse actions in Plaintiff's personnel file; all available compensatory damages; the statutory maximum of punitive damages per Defendant; litigation costs and expenses; attorneys fees; all damages as authorized by Section 20109; and all other relief this Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

                Respectfully Submitted,

                **DAVIS, SAUNDERS, MILLER & ODEN, PLC**

                */s/ Joseph M. Miller*
By:   _____
                **Joseph M. Miller, #30636**
                **Carisa German-Oden, #31463**
                **Benjamin B. Saunders, #11733**
                400 Mariners Plaza Drive, Suite 401
                Mandeville, Louisiana 70448

(985) 612-3070 – Telephone
(985) 612-3072 – Facsimile